**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JORGE ROSERO OCAMPO,

      Petitioner,

v.                                 CASE NO.  8:00-CR-117-T-30MSS
                                                    8:05-CV-973-T-30MSS

UNITED STATES OF AMERICA,

      Respondent.

_____/

# O R D E R

This cause is before the Court on Petitioner's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), Motion for Appointment of Counsel and Application to Proceed In Forma Pauperis, on Appeal (CV Dkt. 3), and Motion for Issuance of Order to Show Cause (CV Dkt. 4). The Court has undertaken the review required by Rule 4(b), Rules Governing Section 2255 Proceedings (2005),[1] and finds, for reasons set forth below, that service of the motion is not required.

## Background

Petitioner is challenging his 2001 convictions for (1) possession with intent to distribute five kilograms or more of cocaine while onboard a vessel, in violation of 46 U.S.C. App. §§ 1903(a), 1903(g), and 18 U.S.C. § 2; and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States, contrary to the provisions of 46 U.S.C. App. §§ 1903(a),

_____

[1]Rule 4(b) provides, in pertinent part, that "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

1903(g) and 1903(j), *see* CR Dkt. 255 at 1.   A jury found Petitioner guilty as charged, *see* CR Dkt. 217, and he was sentenced on each count on July 20, 2001, to serve a term of 252 months imprisonment, to be followed by a 60-month term of supervised release,[2] with the sentences to run concurrently (CR Dkt. 254).   Petitioner's judgment of conviction was affirmed on July 17, 2003 (CR Dkt. 357).   The petition for certiorari filed by trial counsel on Petitioner's behalf on September 29, 2003, was denied on December 1, 2003.   *See Ocampo v. United States*, 540 U.S. 1062 (2003).

Petitioner filed his § 2255 motion on May 10, 2005, asserting that he was denied his Sixth Amendment right to effective assistance of counsel (CV Dkt. 1 at 7).   In support of this claim, Petitioner sets forth the following facts, *verbatim*:

> Petitioner's Counsel, introduced himself, but did not conveyed who had hired him.   Counsel took advantage of Petitioner's lack of understanding of the United States Criminal Procedures, as well as Petitioner's apperant dificiencies in the English language.   Counsel at no time told Petitioner that he could plea bargain, and when there was a plea offered by the Prosecutor two weeks into the trial, an offer of 8 to 12 years of imprisonment, Petitioner's Counsel advised Petitioner not to accept the plea.   After Petitioner was found guilty, Counsel relied on the appellate process. (See, Sentencing transcripts) However, Counsel did not properly represent him on appeal either.   Petitioner requested a hearing en-banc, or a writ of certiorary but Counsel failed to requested, denying Petitioner's right to appeal.     For the reasons aforementioned above, Counsel was ineffective and his ineffectiveness prejudice the Petitioner.

CV Dkt. 1 at 6.   For reasons set forth below, the Court finds that Petitioner is not entitled to the relief he seeks.

---

[2]Title 46 App. U.S.C. § 1903(g) provides, in pertinent part, that "[a]ny person who commits an offense defined in this section shall be punished in accordance with the penalties set forth in section 1010 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 960)."   Title 21 U.S.C. § 960(b)(1)(B)(ii) provides, in pertinent part, that upon conviction for a violation involving "5 kilograms or more of a mixture or substance containing a detectable amount of . . . cocaine, its salts, optical and geometric isomers, and salts or isomers, . . . the person committing such violation shall be sentenced to a term of imprisonment of not less than 10 years and not more than life."

**Standard of Review**

Title 28 U.S.C. § 2255 provides, in pertinent part, that

> A prisoner in custody under sentence of a court established by
> Act of Congress claiming the right to be released upon the
> ground that the sentence was imposed in violation of the
> Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the
> sentence was in excess of the maximum authorized by law, or
> is otherwise subject to collateral attack, may move the court
> which imposed the sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255. On April 24, 1996, the President signed into law the Antiterrorism and

Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"). This law amended 28

U.S.C. §2255 by adding the following provisions:

> A 1-year period of limitation shall apply to a motion under this section. The
> limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the
> United States is removed, if the movant was prevented from making
> a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the
> Supreme Court, if that right has been newly recognized by the
> Supreme Court and made retroactively applicable on collateral review;
> or
>
> (4) the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. §2255 ¶ 6. Applying the AEDPA provisions to Petitioner's § 2255 motion, the

Court finds that it does not survive the bar created by the one-year limitation period.

**Discussion**

Petitioner's conviction became final on December 1, 2003, when the Supreme Court denied his certiorari petition.  *See Washington v. United States*, 243 F.3d 1299, 1300-01 (holding that the one-year limitations period begins to run when the Supreme Court either denies certiorari or issues a decision on the merits).  Thus, unless Petitioner establishes that he meets the criteria to proceed on his claims under one of the other three provisions of § 2255 ¶ 6, absent equitable tolling, Petitioner had until December 1, 2004, to file a timely § 2255 motion.

As stated *supra*, Petitioner did not file his § 2255 motion until May 10, 2005, clearly more than a year after his judgment of conviction was entered and the time for direct appeal expired. In the Motion for Issuance of Order to Show Cause (Dkt. 4), Petitioner argues that he is entitled to proceed without regard to the one-year limitation period pursuant to § 2255 ¶ 6(4), set forth *supra*.  Petitioner's first assertion is that trial counsel, ignoring Petitioner's correspondence, failed to "request a rehearing enbanc [sic] or a writ of certiorary [sic]" (Dkt. 3 at 3). This assertion is contradicted by the record.  Trial counsel filed a petition for *certiorari* on Petitioner's behalf on September 29, 2003,[3] which was denied on December 1, 2003. *See Ocampo v. United States*, 540 U.S. 1062 (Dec. 1, 2003).

Petitioner's contention that the one-year limitations period did not begin to run until the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," *see* 28 U.S.C. § 2255 ¶ 6(4), is likewise unavailing.  The basis for this claim is Petitioner assertion that he "will not be able to

---

[3]The Court takes judicial notice of information available on the database maintained by the Clerk of the United States Supreme Court, http://www.supremecourtus.gov/docket/docket.html, viewed July 4, 2005. *See* Fed. R. Evid. 201.

support his claim of *Aprendi* [sic] violations in his sentence, [sic] because he does not have the transcripts to support that contention" (Dkt. 4 at 3).   Petitioner filed a request for transcripts with this Court on June 23, 2004.[4]   The request was denied because Petitioner failed to establish that the transcripts were necessary to the preparation of his § 2255 motion.   Notably, while Petitioner referred to a "possible *Apprendi* violation based upon drug quantity not charged in the indictment or settled by the fact finder during the jury trial" in said motion, *see* CR Dkt. 369 at 2, he  does not mention *Apprendi* in the § 2255 motion, much less raise a claim based thereon.   Having attended a "legal research class offered at the institution," Petitioner cannot credibly assert that he did not understand the instruction at page 4 of the § 2255 form cautioning him to "[s]tate concisely every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States.  Summarize briefly the facts supporting each ground. . . . CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date. . . . [Y]ou should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully" (CV Dkt. 1 at 4).   Petitioner was then instructed that he should "state [supporting facts] briefly without citing cases or law." *Id.* at 5. If Petitioner wanted to raise an *Apprendi* claim, he could have set forth the claim and, just as he did in his ineffective assistance of counsel claim, cite portions of the record he contends support the claim, e.g., the indictment, the jury verdict form, or the sentencing transcript. Moreover, a review of the jury's verdict form reveals that, contrary to Petitioner's assertion otherwise, the jury

_____

[4]Although the document is dated June 23, 2003, since one of the issues Petitioner raises therein is trial counsel's failure to file a petition for certiorari after his conviction was affirmed on July 17, 2003, and the document was not received by the Clerk for filing until June 28, 2004, this is clearly a scrivener's error.

specifically found that each of the charged offenses "involve[d] five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine" (Dkt. 217 at 2-3).

Finally, Petitioner states that "in January of 2005, through a legal research class offered at the Institution, he found out that his Counsel was supposed to advise him of any plea offer by the Prosecutor in his case, yet his Counsel's only message was that I needed to go to trial, that I had no other choice." However, one of the allegations he makes in his § 2255 motion refutes this assertion: "Counsel at no time told Petitioner that he could plea bargain, and when there was a plea offered by the Prosecutor two weeks into the trial, trial counsel advised him not to accept the plea."

Petitioner has not demonstrated that he is entitled to proceed under § 2255 ¶ 6(4). Thus, absent equitable tolling of the limitation period, Petitioner's motion is time barred. The Eleventh Circuit has held that an extension of time in which to file a § 2255 motion is warranted only if "extraordinary circumstances" *beyond a prisoner's control* make it impossible to file the motion on time. *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999). *See also Helton v. Sec. for the Dept. of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction" (citation omitted)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence. *See Diaz v. Secretary for the Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). In addressing whether a court should consider the merits of a

request for federal habeas relief despite the time bar because the petitioner was unlearned in the law and unaware that there was a one-year limitations period for filing a petition for federal habeas relief, the Eleventh Circuit held that "ignorance of available post-conviction remedies cannot excuse a procedural fault." *Towers v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) (citing *McCoy v. Newsome,* 953 F.2d 1252 (11th Cir.), *cert. denied*, 504 U.S. 944 (1992), and *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.), *cert. denied*, 498 U.S. 834 (1990)).   Petitioner's limited knowledge of the English language is not considered an "extraordinary circumstance" which justifies equitable tolling of the limitations period, *see United States v. Montano*, 381 F.3d 1276, 1280 n.5 (11th Cir. 2004) (finding  that a language barrier which prohibited petitioner from timely discovering a claim for collateral relief on his own was not a basis for equitable tolling of the limitations period), and his lack of familiarity with the judicial process is likewise unavailing, *see Helton v. Sec. Dep't of Corr.*, 259 F.3d 1310 (11th Cir. 2001).

To the extent that the motion may be read to assert that he is entitled to equitable tolling because the Court denied his requests for copies of the transcripts at government expense, this assertion is equally unavailing.  Then, as now, Petitioner failed to allege facts sufficient to show that the transcripts he sought were necessary to his preparation of a § 2255 motion.  Were actual innocence considered to be an exception to the time bar in this circuit, an issue which has not yet been addressed by the Eleventh Circuit, *see Helton v. Sec., Dep't of Corr.,* 259 F3d at 1315; *Wyzykowski v. Dep't of Corrs.*, 226 F.3d 1213, 1219 (11th Cir. 2000), Petitioner does not state a colorable claim that he is actually innocent of the crimes of conviction such that the AEDPA time bar should be waived. He also has alleged  no  facts  suggesting  that  application  of  the  AEDPA  time  bar  under  the

circumstances of this case would result in a violation of the Suspension Clause.[5] *See id.*
at 1217.

## Conclusion

For the foregoing reasons, the Court finds that the motion is subject to dismissal
pursuant to the one-year limitations period applicable to § 2255 motions. *See* 28 U.S.C. §
2255 ¶ 6. Because "it plainly appears from the face of the motion . . . and the prior
proceedings in the case that the movant is not entitled to relief," the motion is subject to
summary dismissal.  *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the
United States District Courts (2005).

ACCORDINGLY, the Court **ORDERS** that:

1.      Petitioner's motion to vacate, set aside, or correct an allegedly illegal
        sentence (Case No. 8-05-CV-973-T-30MSS, CV Dkt. 1) is **DENIED**.

2.      The **Clerk** is directed to enter judgment against Petitioner, terminate any
        pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 25, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner/Parties of Record

SA:jsh

_____

[5]The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not be
suspended, unless when in Cases of Rebellion or Invasion the public safety may require it." U.S. Const. art.
I, § 9, cl. 2.