# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION


JORGE ROSERO OCAMPO,

      Petitioner,

v.                                           CASE NO.  8:00-CR-117-T-30MSS
                                                                 8:05-CV-973-T-30MSS

UNITED STATES OF AMERICA,

      Respondent.

_____/

# O R D E R

Petitioner has filed a Notice of Appeal (Dkt. 10), Request for Certificate of Appealability (Dkt. 11) ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253,[2] and Application to Proceed *In Forma Pauperis* on appeal[3] (Dkt. 12). Petitioner

---

[1]"Certificate of Appealability.  (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P.

[2]"[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

[3]Although Petitioner's Notice of Appeal was not received by the Clerk's office for filing until October 11, 2005, this circuit considers § 2255 motions to vacate, and documents related thereto "filed" when a "*pro se* prisoner delivers one of them to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).  Petitioner executed the Notice of Appeal on September 21, 2005. On May 23, 2005, Petitioner filed a document captioned "Motion for the Appointment of Counsel and Application to Proceed *In Forma Pauperis*" (Dkt. 3).  The document was executed on May 10, 2005.  *Id.* at 2-3. The Application to Proceed *In Forma Pauperis* was not attached to the motion. Petitioner filed an Application to Proceed *In Forma Pauperis*, executed on May 10, 2005, with his Notice of Appeal (Dkt. 12).

seeks review of the Court's July 25, 2005 decision denying his motion for relief under 28 U.S.C. § 2255 (CV Dkt. 7).

The Court found that Petitioner's § 2255 motion was not timely filed. To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is time-barred and Petitioner has failed to make a sufficient showing of the "extraordinary circumstances" required to warrant equitable tolling of the limitations period, Petitioner has failed to satisfy the second prong of the *Slack* test. 529 U.S. at 484. Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

ACCORDINGLY, the Court **ORDERS** that**:**

1.      Petitioner's Request for Certificate of Appealability (Dkt. 11) is **DENIED**.

2.      Application to Proceed *In Forma Pauperis* on appeal (Dkt. 12) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 14, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner/Parties of Record

SA:jsh